DISTRICT COURT OF THE VIRGIN ISLANDS
                    DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,            )
                                     )
            Plaintiff,                )
                                     )
        v.                            )      Criminal No. 2017-17
                                     )
                                     )
CALVIN BENJAMIN, DEAN THOMPSON,      )
STEPHEN BERNIER,                     )
                                     )
            Defendants.              )
                                     )
                                     )

**ATTORNEYS:**

**Joycelyn Hewlett, Acting United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
**Meredith Jean Edwards, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Omodare Jupiter, FPD**
**Brendan A. Hurson, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Calvin Benjamin,*

**Alex Omar Rosa-Ambert**
Rosa-Ambert Law Offices
San Juan, PR
    *For Dean Thompson,*

**Darren John-Baptiste**
St. Thomas, U.S.V.I.
    *For Stephen Bernier.*

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of the United States to dismiss the Superseding Indictment as to Dean Thompson ("Thompson").

On May 18, 2017, the Grand Jury returned a two-count Indictment charging Thompson with conspiracy to possess with intent to distribute narcotics in violation of 21 U.S.C. § 846 and possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1). On July 27, 2017, the Grand Jury returned a four-count Superseding Indictment charging Thompson with conspiracy to possess with intent to distribute narcotics in violation of 21 U.S.C. § 846; possession with intent to distribute narcotics in violation of 21 U.S.C. § 841(a)(1); federal use of communication facility to facilitate a felony in violation of 21 U.S.C. § 843(b); and violation of the Travel Act, 18 U.S.C. § 1952(a)(3).

Federal Rule of Criminal Procedure 48(a) ("Rule 48") provides that, before a trial commences, "[t]he government may, with leave of court, dismiss an indictment, information, or complaint." Fed. R. Crim. P. 48(a). The words "with leave of court" modify the common law doctrine of *nolle prosequi* and place some limits on a prosecutor's power to unilaterally

dismiss a prosecution. *See In re Richards*, 213 F.3d 773, 777 (3d Cir. 2000). Rule 48(a), however, "does not confer unfettered discretion upon courts to resist motions to dismiss." *Id.* Rule 48(a) is primarily intended to protect defendants from prosecutorial harassment. *See Rinaldi v. United States*, 434 U.S. 22, 31 (1977). Accordingly, the Court must exercise its limited discretion in a manner that furthers that purpose. *Id.; see also United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975) ("The exercise of [a prosecutor's] discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.")

The premises considered; it is hereby

**ORDERED** that the motion to dismiss docketed at ECF Number 125 is **GRANTED**; it is further

**ORDERED** that the Superseding Indictment filed on July 27, 2017, is **DISMISSED** as to Dean Thompson; and it is further

**ORDERED** that the trial setting in this matter is **VACATED**.

S\_____
**Curtis V. Gómez**
**District Judge**